# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB, an INTERINSURANCE EXCHANGE<br><br>　　　　　　　　Plaintiff,<br>vs.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　Defendant. | CASE NO. 13cv2733-GPC(BGS)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS**<br><br>[Dkt. No. 6.] |

On December 6, 2013, Defendant United States of America filed a motion to dismiss the complaint. (Dkt. No. 6.) The Court set a briefing schedule requiring Plaintiff to file a response by January 17, 2014. (Dkt. No. 7.) To date, Plaintiff has not filed an opposition.

Civil Local Rule 7.1.e.2. requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion); United States v. Warren, 601 F.2d 471, 474

(9th Cir. 1979). Before dismissing an action for failure to comply with local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)).

Here, the Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss based on Plaintiff's failure to file an opposition. See Ghazali, 46 F.3d at 53. The majority of these factors weigh in favor of dismissal.

Because Plaintiff has failed to comply with Civil Local Rule 7.1.f.3.c, the Court finds good cause to grant Defendant's unopposed motions to dismiss. The Court's docket reflects that Plaintiff was served with a copy of the motion and the Court's briefing schedule. Accordingly, the Court **GRANTS** Defendant's motion to dismiss as unopposed. See Civ. Local R. 7.1.f.3.c; see also Ghazali, 46 F.3d at 53.

IT IS HEREBY ORDERED that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**, and the hearing on Defendant's Motion to Dismiss, currently set for March 14, 2014, is **VACATED**.

IT IS HEREBY ORDERED.

DATED: March 10, 2014

HON. GONZALO P. CURIEL
United States District Judge